PER CURIAM.
This case arose out of an automobile accident in which Homer James Williams rear-ended M.C. Latson. Latson sued Williams, General Accident Fire and Life Assurance Corporation, Ltd., and Okeechobee Insurance Agency. General Accident and Okeechobee filed crossclaims against each other for indemnity. A jury trial resulted in a $360,000 judgment for Latson against Williams and General Accident, and a judgment for Okeechobee on General Accident’s crossclaim. The verdict against General Accident was reduced to $10,000, the amount of its policy covering Williams. Okeechobee’s crossclaim was ultimately withdrawn from the jury.
*242 In prosecuting this appeal General Accident suggests two points for reversal; one, that the damages are excessive indicating the verdict is the result of passion or corruption, and two, that the court erred in instructing the jury on the issues involved in the indemnity claim.
We concede the award of damages is generous. However, considering the various elements of damages proven, the amount of the award does not appear to be an abuse of discretion by the jury. Bould v. Touchette, 349 So.2d 1181 (Fla.1977).
With regard to the jury instruction, without approving it in any way, we hold that any impropriety involved therein is harmless because General Accident had no cause of action for indemnity against Okeechobee under the circumstances of this case. Had Okeechobee moved for a directed verdict on that ground, the court would have been obligated to grant it.
The facts are generally undisputed. On Friday, December 21, 1979, Williams applied to Okeechobee Insurance Agency for automobile liability insurance coverage. Because of his driving record the insurance was to be written through the Florida Joint Underwriting Association. General Accident had been assigned as Okeechobee’s serving center.
Williams signed a Florida Joint Underwriting Association application supplied by Okeechobee, and paid $53 of the $106 down-payment, the balance thereof to be paid by January 11, 1980. Williams also signed a premium finance agreement for the balance of the premium. With that, Okeechobee advised Williams that he was covered. Later that day Williams drove his car into the rear of Látson’s car.
Okeechobee sent the completed application and payment to General Accident on Monday, December 24, 1979. Somehow the effective date of the coverage shown on the application was December 24, 1979, although all other papers sent to the Company bore the date they were written, December 21,1979. Okeechobee received notice of Williams’ accident and sent it on to General Accident. The notice reflected that Williams’ coverage was effective December 21, 1979. General Accident denied coverage and this litigation ensued.
Under Florida Joint Underwriting Association’s regulations, Okeechobee was required to bind the coverage before sending in the application. The evidence is clear that is exactly what was done. Williams signed all the papers, paid part of the down payment, and coverage was in effect. The application forwarded to General Accident stated December 24, 1979, as the effective date. The correct date the application should have reflected was December 21, 1979. In that case, General Accident would have had absolutely no basis upon which to deny coverage. The misprision concerning the application did not mislead General Accident into accepting coverage. In fact, General Accident was not prejudiced in any way as a result thereof. Its agent, Okeechobee, was authorized to write the coverage effective December 21, 1979, and it did so. Accordingly, we hold General Accident had no indemnity claim against its agent Okeechobee and was not entitled to a jury verdict on its claim in any event.
In view of the foregoing the judgment appealed from is affirmed.
DOWNEY and LETTS, JJ., and LEE, J. CAIL, Associate Judge, concur.
BY ORDER OF THE COURT:
ORDERED, appellant’s July 21, 1983 Motion for Rehearing from Order Awarding Attorney Fees is granted, and this Court’s Order of July 6, 1983 is hereby withdrawn, and further,
ORDERED that appellant’s July 21,1983 Motion for Rehearing is hereby denied.